## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**AILERON INVESTMENT MANAGEMENT, LLC,**

    **Plaintiff,**

v.                                                   Case No.: 8:21-cv-146-MSS-AAS

**AMERICAN LENDING CENTER, LLC,**

    **Defendants.**
_____/

## ORDER

On October 25, 2021, the court held a discovery hearing on American Lending Center, LLC's (ALC) motion to compel Aileron Investment Management, LLC's (Aileron) to answer interrogatories and produce documents (Doc. 50; with response at Doc. 58) and Aileron's motion to compel on its second set of discovery to ALC (Doc. 51; with response at 59). *See also* (Doc. 67) (minute entry). As stated on the record, the following is **ORDERED:**

    1.     The parties' joint oral motion to extend time to complete discovery (Doc. 68) is **GRANTED**. The discovery deadline is now November 29, 2021. The parties are aware that this extension causes the discovery deadline to fall on the same day as the dispositive motion deadline.

1

2. ALC's oral motion to strike (Doc. 70) is **GRANTED**. The Clerk is directed to strike Aileron's Notice of Filing (Doc. 65).

3. Aileron's Motion to Compel (Doc. 51) is **GRANTED in part**. ALC must provide Aileron with its year-end audited financial statements from the last two fiscal years. Any such documents may be labeled "Attorney's Eyes Only" at the parties' discretion.[1]

4. ALC's amended motion to compel (Doc. 50) is **GRANTED in part** and **DENIED in part** as follows:

   a. ALC's motion to compel the production of documents responsive to Requests for Production Nos. 5 and 8 are **GRANTED in part**. Aileron must produce the final executed agreements for the settlements of the litigation mentioned in RFPs 5 and 8. Any documents produced pursuant to this request may be labeled "Attorney's Eyes Only" at the parties' discretion. The parties shall confer regarding a timeline for producing the final executed agreements.

---

[1] To the extent punitive damages remain a part of the case and an issue for the factfinder's consideration, the court anticipates additional punitive damages-related discovery (including possible discovery disputes) may arise after the November 29, 2021 discovery deadline.

b. ALC's motion to compel the production of documents responsive to Requests for Production Nos. 6 and 9 are **GRANTED in part.** Aileron must produce a summary of information regarding payments made pursuant to the settlements referenced in RFPs 6 and 9. Aileron, with ALC's agreement, has represented they intend to produce a spreadsheet detailing this information.

c. ALC's motion to compel the production of documents responsive to Request for Production No. 7 is **GRANTED in part**. Aileron must produce documents sufficient to show what real property, personal property, or things of value, whether tangible or intangible, were received by Aileron in connection with the settlements mention in RFP 7.

d. ALC's motion to compel the production of documents responsive to Request for Production No. 10 is **DENIED as moot** as Aileron has represented no non-monetary things of value were received by Aileron in connection with settlement of the Live Oak Bank action.

e. ALC's motion to compel the production of documents responsive to Request for Production No. 12 is **GRANTED**

        **in part.** Aileron must produce any formal meeting minutes and company resolutions addressing the filing or settling of the litigation mentioned in RFP 12 as well as meetings where Mr. Maguire and/or Mr. Bonora were authorized to conduct business on behalf of Aileron from January 1, 2010 to present. Aileron attests they have produced all documents regarding meetings where Mr. Maguire and Mr. Bonora were authorized to conduct business on behalf of Aileron from January 1, 2010 to present.

f.    ALC's motion to compel the production of documents responsive to Request for Production No. 15 is **GRANTED in part**. Aileron must produce documents regarding formal agreements executed between January 1, 2010 and December 31, 2020 in which Maguire or Bonora were authorized to conduct business on Aileron's behalf. Aileron attests all information regarding this request has already been provided to ALC.

g.    ALC's motion to compel the production of documents responsive to Request for Production No. 49 is **GRANTED in part.** Aileron must produce ancillary documents

       referencing how the loans with Live Oak Bank were serviced and how payments are being made pursuant to those loan agreements, including how loan payments were made and any formal or informal amendments or alterations of the loan agreement.

  h.  ALC's motion to compel the production of documents responsive to Request for Production No. 50 is **GRANTED in part.** Aileron must produce any communications between parties acting on behalf of Aileron and Live Oak Bank regarding the Omnibus Assignments mentioned in RFP 50.

  i.  ALC's motion to compel the production of documents responsive to Requests for Production Nos. 51 and 52 are **DENIED as moot** as the request is encompassed by ALC's Requests for Production Nos. 49 and 50.

  j.  ALC's motion to compel the production of documents responsive to Request for Production No. 53 is **GRANTED**. Aileron indicated during the hearing they had already provided documents responsive to RFP 53.

  k.  ALC's motion to compel the production of documents responsive to Request for Production No. 85 is **DENIED**

        **without prejudice**.

5. ALC's oral motion for clearer RFP responses (Doc. 72). is **GRANTED in part**. To the extent Aileron is withholding documents from production, Aileron must supplement their discovery responses to more clearly identify when Aileron is withholding documents due to their objections.

6. ALC's oral motion for more specific direction as to where responsive documents are located within Aileron's past document productions (Doc. 74) is **GRANTED**. To the extent ALC is unable to locate responsive documents within the voluminous documents Aileron already provided to ALC, ALC must request in writing more specific Bates ranges for those documents. Aileron must respond to any such request within 3 days of the request.

7. Last, ALC represented many electronic documents Aileron previously produced lack metadata. Aileron indicated a produced thumb drive contains the metadata for those documents so ALC will be reviewing that thumb drive. To the extent the thumb drive does not contain sufficient metadata, the parties must meet and confer on this issue in an effort to amicably, efficiently, and cost-effectively resolve it.

8. Each party will bear their own costs on the motions to compel. (Doc. 50, 51). *See* Fed. R. Civ. P. 37(a)(5)(C).

**ENTERED** in Tampa, Florida, on October 29, 2021.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge