UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AILERON INVESTMENT
MANAGEMENT, LLC, a Florida
limited liability company,
    Plaintiff,

v.                                             Case No. 8:21-cv-146-MSS-AAS

AMERICAN LENDING CENTER,
LLC, a California limited liability
company,

    Defendant,
_____/

## ORDER

Defendant American Lending Center, LLC (ALC) moves for a protective order quashing the portion of Plaintiff Aileron Investment Management, LLC's deposition notice requiring ALC's corporate representative to travel to Florida for the deposition. (Doc. 106). Aileron responds in opposition. (Doc. 109).

Fed. R. Civ. P. 26(b)(1), as amended effective December 1, 2015, governs the scope of discovery in civil cases. The rule states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

1

> importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Courts have discretion in controlling the discovery in a case. *Mut. Serv. Ins. v. Frit Industries, Inc.*, 358 F.3d 1312, 1322 (11th Cir. 2004). Under Fed. R. Civ. P. 26(c)(1), "[a] party or any person from whom discovery is sought may move for a protective order." For good cause, the court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party seeking a protective order "carries the burden of showing good cause and/or the right to be protected." *See Schneider v. Hertz Corp.*, No. 3:05-cv-1298-J-MCR, 2007 WL 1231834, at *2 (M.D. Fla. Apr. 26, 2007) (citing *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). The burden "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Id.*

On October 20, 2021, Aileron served a notice for ALC's corporate representative's deposition at a location in this district. (Doc. 66, p. 3). ALC moved to quash the portion of that notice requiring ALC's corporate representative to travel to Florida for the deposition. (Doc. 66). This court

2

denied ALC's motion on December 16, 2021. (Doc. 101). However, this court also stated "should a videoconference deposition become the only viable option, the court would be willing to require a videoconference deposition of unlimited duration to accommodate the significant number of documents and Mandarin translation needs." (*Id.* at 7).

The onset of the current Omicron COVID-19 variant presents such a situation. Since this court's December 16, 2021 order, the Omicron COVID-19 variant has become the predominant COVID-19 variant in Florida and the United States. Caroline Catherman, *Omicron now dominant in the U.S.; experts predict COVID-19 hospitalizations in Central Florida, urge boosters*, Orlando Sentinel (Dec. 20, 2021), https://www.orlandosentinel.com/coronavirus/os-ne-coronavirus-omicron-breakthrough-waning-immunity-20211220-fudd4a6ykfdmbbk7b4bjweeptq-story.html. The CDC reports the Omicron variant "likely will spread more easily than the original SARS-CoV-2 virus" and "breakthrough infections in people who are fully vaccinated are likely to occur." Centers for Disease Control and Prevention, *Omicron Variant: What You Need to Know*, Centers for Disease Control and Prevention, (Dec. 20, 2021), https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html. To that end, courts in this district have temporarily paused jury trials and returned to conducting more hearings via

3

videoconference .

The sudden rise of the Omicron variant, coupled with ALC's corporate representative's unique familial situation, constitutes good cause for a protective order as to the deposition of ALC's corporate representative. Thus, Aileron's Motion for Protective Order (Doc. 106) is **GRANTED**. Aileron shall take the videotaped deposition of ALC's corporate representative via videoconference for an unlimited duration.

The court also acknowledges the pending status of ALC's motion to quash 23 topics from Aileron's deposition notice (Doc. 105) and advises an order on this motion to quash may not be entered before the parties' deposition date and time of 9:00 A.M. on January 12, 2022.

**ORDERED** in Tampa, Florida on January 10, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

4