UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AILERON INVESTMENT
MANAGEMENT, LLC, a Florida
limited liability company,

    Plaintiff,

v.                                  Case No.: 8:21-cv-146-MSS-AAS

AMERICAN LENDING CENTER,
LLC, a California limited liability
company,

    Defendants.
_____/

## ORDER

Defendant Aileron Investment Management, LLC (Aileron) requests discovery sanctions. (Doc. 95). Plaintiff American Lending Center, LLC (ALC) opposes this motion. (Doc. 100). Aileron's Motion for Sanctions (Doc. 95) is **GRANTED** to the extent the witnesses must answer in writing the four questions. The deadline for providing the written answers is **February 25, 2022 at 4 p.m. ET**. Otherwise, the motion is **DENIED**.

### I.    BACKGROUND

Aileron requests sanctions due to ALC counsel improperly instructing two witnesses, Stella Zhang and David Bales, to not answer questions at their depositions. (Doc. 95, p. 1). ALC opposes sanctions, arguing its instructions to

1

Ms. Zhang and Mr. Bales were proper because the questions sought "discovery on irrelevant and previously dismissed issues." (Doc. 100, p. 16).

## II.   LEGAL STANDARD

Rule 26(b)(1) authorizes inquiry into topics that are not privileged, are relevant to any party's claim or defense, and are proportional to the needs of the case. Rule 30(c)(2)[1] states an objection during a deposition "must be stated concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2). "A person may instruct a deponent not to answer *only* when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." *Id.* (emphasis added)

## III.   ANALYSIS

ALC's counsel instructed Stella Zhang and David Bales not to answer four questions about "a $20.5 million loan to Atrium at Liberty Park, LLC. . . and Uptown and Liberty Park, LLC." (Doc. 95, p. 3) (*citing* Doc. 29, p. 29–35). Aileron claims the questions were relevant to facts alleged in ALC's

---

[1] Aileron does not explicitly label its sanctions motion as a Rule 30 sanctions motion. However, Aileron's motion at multiple points states the Rule 30(d)(2) standard for improperly instructing a deponent not to answer questions and focuses its legal argument on ALC's improper instructions to Ms. Zhang and Mr. Bales. (Doc. 95, p. 9–14). Further, "Rule 37 cannot be a basis for sanctions in this instance because there is no motion to compel, no violation of a previously issued order, and no allegation that any representative of [ALC] failed to appear at a scheduled deposition." *Phillips v. Manufacturers Hanover Trust Co.*, 1994 WL 116078, * 1 (S.D. N.Y. 1994).

2

counterclaim. (*Id*. at 10). Aileron argues ALC's instructions were improper because the three circumstances in Rule 30(c)(2) did not apply but counsel nevertheless instructed the witness not to answer. (*Id*. at 10).

ALC concedes the loan is mentioned in its counterclaims against Aileron but argues the counterclaims are not "based on the substance of the Atrium Project or the Atrium Loan." (Doc. 100, p. 4). ALC argues its counterclaims are "based solely upon [Aileron's] procedural conduct in this lawsuit, not the substance of terms of the Atrium Loan." (*Id*.). ALC thus argues its "counsel properly instructed the witnesses not to answer these questions because they were well beyond the scope of the issues in this lawsuit." (*Id*. at 4–5).

But relevancy objections are not a proper ground for instructing a witness not to answer a question. Instead, absent an order to the contrary, a relevancy objection should be stated briefly on the record and then the deponent's testimony provided subject to that objection. *U & I Corp. v. Advanced Medical Design, Inc.*, No.: 8:06-cv-2041-EAK-EAJ, 2008 WL 11336671, at *2 (M.D. Fla. July 3, 2008) (*citing GEICO Casualty Co., v. Beauford*, No. 8:05-cv-697-SCB-EAJ, 2006 WL 2789013, at * 3 (M.D. Fla. Sept. 26, 2006)).

ALC defends its instructions not to answer Aileron's arguably irrelevant

3

questions by asserting it was substantially justified in doing so. (Doc. 100, p. 12). While substantial justification is a defense to improperly terminating or limiting a deposition under Rule 30(d)(3)(C),[2] ALC cites no case law affirming substantial justification may be levied as a defense against sanctions for improperly instructing deponents not to answer questions. To the contrary, courts in this circuit generally consider Rule 30(d)(2) and Rule 37 sanctions separately and do not include substantial justification analysis in deciding whether to grant sanctions under Rule 30(d)(2). *See Woliner v. Sofronsky*, No. 9:18-cv-80305-WPD-WM, 2018 WL 5918873, at *6–7 (S.D. Fla. Nov. 13, 2018); *Fodor v. Eastern Shipbuilding Group*, No. 12-cv-28-RS-CJK, 2013 WL 12143978, at *4 (N.D. Fla. Oct. 21, 2013); *U.S. v. Twenty-Nine Pre-Columbian and Colonial Artifacts from Peru*, No. 1:13-cv-21697-JAL-JG, 2015 WL 457903 (S.D. Fla. Feb. 3, 2015).

ALC alternatively requests this court construe its response to Aileron's sanctions motion as itself a Rule 30(d)(3)(A) motion and conclude sanctions are inappropriate because Aileron's questions were "the type of inquiry that unreasonably annoys or oppresses the deponent." (Doc. 100, p. 11–12).

---

[2] *See, e.g., Masforce Europe, BVBA v. Mastry Marine & Industrial Design, Inc.*, No. 8:11-cv-1814-SCB-AEP, 2013 WL 12157874, at *3 (M.D. Fla. June 6, 2013) (considering whether the plaintiff demonstrated substantial justification for suspending a deposition).

4

However, Rule 30(d)(3) "is a narrow procedure designed for extraordinary situations where an examination is being conducted in bad faith or in an unreasonable, annoying or oppressive manner." *Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, No. 1:07-cv-22988-CMA, 2008 WL 2645680, *9 (S.D. Fla. June. 26, 2008). The information Aileron sought through the four questions asked of Ms. Zhang and Mr. Bales does not raise concerns of bad faith or embarrassment. ALC has not established Aileron's questions were "so far beyond the realm of possible relevance as to be abusive." *Quantachrome Corp. v. Micromeritics Instrument Corp.*, 189 F.R.D. 697, 700 (S.D. Fla. 1999). ALC has thus not established Aileron asked questions in bad faith or in a manner that unreasonably annoyed, embarrassed, or oppressed Ms. Zhang or Mr. Bales as is required of Rule 30(d)(3)(A).

"[A]ny sanction for a discovery violation 'must be exercised with restraint and discretion, to assure that the sanction is proportionate to the offending conduct.'" *Mitnor Corp. v. Club Condominiums*, 339 F.R.D. 312, 322 (N.D. Fla. 2021) (*citing Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 636 (D. Colo. 2007)). Here, monetary sanctions and a second deposition are inappropriate given the minimal intrusion caused by ALC's instructions not to answer Aileron's arguably irrelevant questions. *Id*. Instead, the only

appropriate sanction for the inappropriate instructions not to answer is that Ms. Zhang and Mr. Bales must answer in writing the four questions at issue in Aileron's motion.

## IV. CONCLUSION

Aileron's Motion for Sanctions (Doc. 95) is **GRANTED** to the extent Ms. Zhang and Mr. Bales must answer in writing the four questions at issue in Aileron's motion. The deadline for providing the written answers is **February 25, 2022 at 4 P.M. ET**. Otherwise, the motion is **DENIED**.

**ORDERED** in Tampa, Florida on February 24, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

6