UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AILERON INVESTMENT
MANAGEMENT, LLC, a Florida
limited liability company,

    Plaintiff,

v.                                      Case No.: 8:21-cv-146-MSS-AAS

AMERICAN LENDING CENTER,
LLC, a California limited liability
company,

    Defendants.
_____/

## ORDER

Plaintiff Aileron Investment Management, LLC (Aileron) moves for reconsideration of the court's February 22, 2022 order granting in part Defendant American Lending Center, LLC's (ALC) motion for leave to serve a supplemental expert report (Doc. 113) and granting ALC's motion to seal (Doc. 117) and for leave to depose ALC's expert about ALC's supplemental expert report. (Doc. 129). ALC opposes the motion. (Doc. 139).

District courts have "inherent authority to revise interlocutory orders before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties in a case." *Hollander v. Wolf*, No. 9:09-cv-80587-KLR, 2009 WL 10667896, at *1 (S.D. Fla. Nov. 17, 2009). These limited

circumstances prompt reconsideration of a court order: (1) an intervening change in the controlling law; (2) new evidence which has become available; or (3) a need to correct clear error or prevent manifest injustice. *McGuire v. Ryland Group, Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007); *True v. Comm'r of the I.R.S.*, 108 F. Supp. 2d 1361, 1365, (M.D. Fla. 2000).

The party moving for reconsideration must present "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *McGuire*, 497 F. Supp. 2d at 1358 (internal quotations omitted). "This ordinarily requires a showing of clear and obvious error where the interests of justice demand correction." *Id.* (internal quotations omitted).

Aileron has not established a need for reconsideration. Aileron claims this court incorrectly asserted the third of four expert opinions contained within ALC's supplemental expert report cited to settlement agreements and accompanying documents Aileron produced after ALC produced its original expert report. (Doc. 129, p. 2) (*citing* (Doc. 127, p. 8)). However, the third opinion in ALC's supplemental expert report refers to exhibits containing information from the settlement agreements. *See* (Doc. 125, p. 18; Doc. 125, Ex. 2).

Aileron does not present "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *McGuire*, 497 F. Supp. 2d at

1358. Additionally, there is no intervening change in controlling law or a need to correct clear error or prevent manifest injustice.

Aileron's motion for reconsideration (Doc. 129) of the court's February 22, 2022 order granting in part Defendant American Lending Center, LLC's (ALC) motion for leave to serve a supplemental expert report (Doc. 113) and granting ALC's motion to seal (Doc. 117) is **DENIED**.

Further, Aileron has not established good cause for a second deposition of ALC's expert. Aileron's request for leave to depose ALC's expert a second time is also **DENIED**.

**ORDERED** in Tampa, Florida on April 5, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge